Williams, J.
1. Was the evidence to which objection was made by the plaintiff in error, improperly admitted ? The general rule undoubtedly is, that where land is purchased and paid for by one person and the title is taken in the name of another, there is a resulting trust in favor of the former, unless a different intention appears from the deed or attending circumstances; but if the grantee is *246 a child of the person furnishing the purchase price, the presumption is that the convejmnce was intended as a gift or advancement. This presumption is based upon the supposed intention of the father to make suitable provision for his children, either as a token of parental affection, or in discharge of his moral obligation to provide for them. If is but a presumption, however, and may be rebutted by proof of the father’s actual intention to create a trust, which maybe shown by his antecedent or contemporaneous acts and declarations; and when the actual intention in making the conveyance, or causing it to be made, is ascertained, it controls the determination of the question, whether it was in trust or by way of advancement. In Lewin on Tursts, Í75-6, it is said, “the father may prove a parol declaration of trust by himself either before or at the time of the purchase, not that it operates by way of a declaration of trust (for the statute of frauds would interfere to prevent it;) but as the trust would result to the father, were it not rebutted by the sonship, as a circumstance of evidence, the father may counteract that circumstance by evidence arising from his parol declarations. ' Of course the father cannot defeat the advancement by any subsequent declaration of intention. But his evidence is admissible for the purpose of proving what was the intention at the time. ” It is conceded that the entire consideration for the property here involved moved from the plaintiff’s testator, who was the owner of the complete equitable title when the deed was made to his son, the plaintiff in error; and that the conveyance was so made by the father’s direction. In the conveyance the grantee is designated as “trustee,” which, if not conclusive of itself against any claim of advancement, is so far ineon *247 sistent with such a claim as to afford proof of a most satisfactory character that a trust was intended ; and when supplemented by proof of the father’s instructions to make the conveyance in trust, would seem sufficient to overcome any presumption that an advancementorgiftwas intended. At least, both the deed and instructions for its execution were competent evidence to establish the trust, and therefore relevant to the issues.
2. Was there error in the exclusion of the defendant’s testimony? The action was prosecuted by executors, and the testimony excluded was that of the adverse party relating entirely to what it was claimed had taken place between him and the plaintiff’s testator. It was therefore incompetent, under section 5242, of the Revised Statutes, unless it can be brought within one of the exceptions contained in the section, or is taken out of its operation ; and the contention is, that the action is one involving the validity of a deed, and to actions of that class the, section is rendered inapplicable by its last clause, which provides, “that nothing in this section contained shall apply to actions involving the validity of a deed, will or codicil.”
But we think this action is not of that nature. It is well known what are actions involving the validity of wills, and codicils ; and the association in the same class or category, of actions involving the validity of deeds, is of much significance, in determining the nature of the actions contemplated by this clause of the statute. This action is one to enforce a trust, by compelling a conveyance of the legal title held under the deed, in accordance with the terms of the trust; and the plaintiffs recognize and rely on the deed as a source or muniment of the title they seek to obtain; and all subse *248 quent owners must rely upon it as a necessary link in the chain of their title. The object of the suit is not to invalidate the deed, but to ascertain the nature of the estate it conveyed, give it effect according to the intention of the parties, and enforce their rights as determined by the application of the law to it, in the light of the circumstances under which it was made. If the deed were invalidated, the title would revert to the grantor and his heirs, and thus defeat the trust, as well as extinguish all claims of the defendant under it. The establishment of a trust in lands by parol is not considered as varying* the terms of the deed, but as setting up a new right, arising* by implication of law, or upon a new and independent agreement, or express declaration of trust, consistent with the deed. Fleming v. Donahoe, 5 Ohio, 256; Harvey v. Gardner, 41 Ohio, St., 646. Beside, the deed under which the defendant holds, is not on its face an unqualified grant of the land in fee, but the conveyance is expressed to be in trust, without fully setting out what are claimed to be the terms of the trust; and those here sought to be established by the evidence are not inconsistent with the deed-, nor destructive of the estate it purports to convey, nor substantially different from those which would result by implication of law in the absence of the relationship of the grantee to the owner of the equitable estate.
We are therefore of opinion the evidence excluded was incompetent.

Judgment affi/nned.